1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  SETH VILLAFAN, a single man; WOLFGANG
   OLSON, a single man; and JOSH GRAVES, a
9  married but separated man,

10                                      Plaintiffs,

11  v.

12
13  NORTHWEST MOTORSPORT, LLC, a
    Washington limited liability company; HILT
14  VENTURE CAP INC., a Washington limited
    liability company; DONALD FLEMING and
15  JANE DOE FLEMING, residents of Montana,
    and the marital community composed
16  thereof; NORTHWEST MOTORSPORT, INC., a
    Washington corporation; RICHARD FORD and
17  JANE DOE FORD, residents of Texas, and the
    marital community composed thereof; RFJ
18  AUTO PARTNERS NORTHERN HOLDINGS,
    INC., a Delaware corporation; JOHN and JANE
19  DOES 1-5 and the marital communities
    composed thereof; RFJ AUTO GROUP, INC., a
20  foreign corporation; and MERCHANTS
    BONDING COMPANY (MUTUAL), a foreign
21  corporation,

22
23                                      Defendants.

NO.

**COMPLAINT FOR
NEGLIGENCE AND
DECEPTIVE OR UNFAIR
CONDUCT IN THE SALE OF
USED VEHICLES WITH
ILLEGALLY ALTERED
EMISSION CONTROLS**

**CLASS ACTION**

**JURY DEMAND**

24
25

**COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 1**

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

Seth Villifan, Wolfgang Olson and Joshua Graves ("Plaintiffs"), on behalf of themselves and a proposed class of others who are similarly situated (hereafter the "Class" or "putative Class members"), bring this Complaint against Defendants, who are owners of multiple used vehicle dealerships in Washington doing business as Northwest Motorsport or NWM, for economic damages the Plaintiffs have sustained in the purchase of used vehicles with illegally altered emission controls.

## I.    SUMMARY OF THE ACTION

1.1    The Plaintiffs allege that the Defendants, doing business at multiple locations throughout Washington as Northwest Motorsport ("NWM"), negligently and deceptively sold used motor vehicles to consumers---mostly diesel pickup trucks---with illegally altered emission controls. In so doing, the Defendants violated Washington's Consumer Protection Act (RCW 19.86, *et seq.*) with each such sale during the three-year period prior to the filing of this Complaint. The illegal alteration of emission controls on motor vehicles, licensed for use on public roads, adversely affects the safety, performance, operation, durability, useful life, and value of the vehicle. In numerous cases, such vehicles suffer catastrophic failures of one or more powertrain components during operation of the vehicle, which can create a serious safety hazard for all of the vehicle's occupants. Even if no personal injuries result in the operation of such vehicles, the premature failure of such powertrain components are very expensive to repair and result in substantial loss of use of the vehicle while it is disabled.  It is also expensive to restore the emission controls of such vehicles in order to comply with state and federal laws. In

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 2

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

all cases, the fair market value of such vehicles is significantly less than identical vehicles without illegally altered emission controls.  NWM does not disclose any of this information to its consumers; nor does it make any other attempt to meaningfully disclose to consumers all of the adverse effects of buying, owning and operating a motor vehicle with illegally altered emission controls.

1.2    As part of their pre-filing investigation, the Plaintiffs have learned that the owners of NWM sold their interests in NWM in approximately February of 2020.   The former owners include former Washington resident Donald Fleming, and at least two business entities which Fleming owned or controlled. Thereafter, NWM was purportedly acquired by Texas resident Richard Ford, through at least two different business entities which Ford owns or controls. Plaintiffs' counsel has informally requested information from NWM counsel regarding successor liability in the new owners, which NWM counsel has declined to provide. Both the former and present owners have therefore been named as Defendants in this action.  However, the nature and extent of the ownership and control of NWM in the last three years, is unclear.  The Defendants are therefore collectively referred to herein as "Northwest Motorsport" or "NWM."

1.3    Merchants Bonding Company ("Merchants") has been named as a Defendant because it issued a surety bond to NWM for damages suffered by NWM consumers.  No wrongful conduct is alleged against the surety, which is a defendant herein solely by virtue of the statutory requirement that licensed motor vehicle dealers obtain a surety

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 3

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

bond as a condition for obtaining a license to sell vehicles in Washington.  *See* RCW 46.70.070.  Merchants is not included in the numerous references to Defendants herein.

## II.    PLAINTIFFS

2.1    Seth Villafan is a single man who resides in Selah, Washington.

2.2    Wolfgang Olson is a single man who resides in Oregon. Mr. Olson was a Washington resident when he purchased a vehicle from NWM in 2018.

2.3    Josh Graves is a married but separated man residing Everett, Washington.  Mr. Graves was a resident of North Dakota when he purchased a vehicle from NWM in 2019.

## III.    DEFENDANTS

3.1    Northwest Motorsport, LLC, was issued UBI No 601 756 158 and is a Washington Limited Liability Corporation with its principal offices located at 819 River Road, Puyallup, WA, 98371. Northwest Motorsport, LLC, is a licensed motor vehicle dealer under dealer license #2487.  The current and sole governor of Northwest Motorsport, LLC, is Richard A. Ford, who is also its registered agent.  The address for Ford, as registered agent, is the same as the address for Northwest Motorsport, LLC.  The Company boasts in its advertising that it is one of the largest used car dealers on the west coast of the U.S.

3.2    On or about February 28, 2020, Northwest Motorsport, Inc., converted to an LLC from its previous form as a corporation. Both entities share the same UBI number.

3.3    On information and belief, Donald Fleming and Jane Doe Fleming are residents of Montana. Through one or more business entities, Mr. Fleming owned and operated

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 4

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

multiple used-vehicle lots in Washington, doing business under the name of Northwest Motorsport, until February of 2020. The nature and extent of Fleming's current interest in Northwest Motorsport is unknown. Mr. Fleming purportedly sold his interests in the Northwest Motorsport business to Richard Ford and RJF Auto Group, Inc., but appears to remain involved in various business entities related to Northwest Motorsport. Both the former and present owners of Northwest Motorsport are named as Defendants herein, because substantial questions of successor liability exist which the Defendants have failed to answer prior to the filing of this suit.

3.4    All acts performed by Mr. Fleming and described herein, were in the scope and course of his employment for NWM, or its owners, and on behalf of his marital community.

3.5    HILT Venture Cap, Inc. is a business which has been issued UBI No. 604-589-200. It is located at 3812 124th Avenue Ct. E., Edgewood, WA 98372-9296.  It applied on February 28, 2020, to do business in the city of Edgewood, and the status of that application is currently unknown. It uses the North American Industry Classification Code 523930, Investment Advice.  Its sole governing person appears to be Donald Fleming, who claims the title of "Director."

3.6    HILT Venture Cap, Inc. ("HILT") may also own an interest in Northwest Motorsport, LLC.

3.7    Despite claims by Mr. Fleming's counsel that he has retired from the used-vehicle business (and specifically Northwest Motorsport) and moved to Montana, he

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 5

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

apparently remains active in one or more Washington business entities which may also be related to NWM, including HILT Investment Holdings, LLC, and HILT Capital Partners, LLC. The nature and extent of the involvement of these entities in the ownership or operation of Northwest Motorsport is presently unknown, except that HILT is an acronym that continues to be used by Northwest Motorsport in its marketing and advertising campaigns.

3.8    The Defendant Ford seems to have developed the original use of the term "HILT" long before he acquired Fleming's interest in NWM.  This suggests that Ford and Fleming were somehow jointly involved in the NWM business before Ford actually purchased the NWM interests in February of 2020.

3.9    Northwest Motorsport, Inc., is a Washington corporation.  It was issued UBI 601 756 158 and it was headquartered at 1830 River Road in Puyallup, WA. Fleming was its sole shareholder. This defendant owned and operated the used-vehicle dealerships doing business as Northwest Motorsport, described above, under dealer license no. 2487. Fleming was also the president and governor of this entity.

3.10    Washington's Secretary of State no longer posts information on its website concerning Northwest Motorsport, Inc., but other publicly available information indicates that Richard A. Ford, the new owner of this corporation, was or is its registered agent prior to February of 2020.

3.11    On or about February 28, 2020, Northwest Motorsport, Inc. was converted into a limited liability company named Northwest Motorsport, LLC, pursuant to RCW

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 6

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

23B.09.030. On that date, Fleming was the sole shareholder of Northwest Motorsport, Inc., and he is now purportedly the sole member of Northwest Motorsport LLC.

3.12    HILT Venture Cap, Inc. ("HILT"), is Washington corporation formed on February 24, 2020, and issued UBI 604 589 200. It is a for-profit corporation. Its registered agent is Donald Fleming, who purportedly maintains an office at 819 River Road, Puyallup, WA (the same as the address for Northwest Motorsport, LLC, owned by Ford).

3.13    Richard A. Ford and Jane Doe Ford are husband and wife and residents of Texas. Mr. Ford currently owns and controls all or most of the interest in the used vehicle lots in Washington doing business as Northwest Motorsport.

3.14    RFJ Auto Partners Northern Holdings, Inc. ("RAPNHI"), is a Delaware corporation incorporated on March 11, 2015. Its registered address is 500 North Central Expressway, Suite 440, Plano, TX 75074. This Defendant purportedly purchased all or part of Mr. Fleming's interests in the used-vehicle lots described herein, in February of 2020. It appears that RAPNHI was first incorporated in Delaware on November 6, 2014. Delaware has issued no. 5635014 to this Defendant. RAPNHI owns and operates numerous vehicle dealerships in the U.S., but its only interests Washington appear to be Northwest Motorsport.

3.15    RAPNHI is apparently neither licensed nor registered to do business in Washington. The registered agent for RAPNHI is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 7

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

3.16   John and Jane Does 1-5 are Richard Ford's unknown partners in RAPNHI. The Plaintiff reserves the right to amend the complaint to add these persons as defendants once their identities are known.

3.17   RFJ Auto Group, Inc. ("RAGI"), is also a Delaware corporation which has been licensed to do business in Washington since 2015 under UBI 603 561 306. Like RAPNHI, RAGI appears to be a holding company with no employees. Also like RAPNHI, RAGI's headquarters are located in the same building in Plano, Texas, but with a different suite number. And like RAPNHI, Richard A. Ford is a governor of RAGI. At least since February of 2020, RAGI is believed to have exercised some control over all or most of the NWM used-vehicle lots described herein.

3.18   The registered agent for RAGI in Washington is CT Corporation System, located at 711 Capitol Way South, Suite 204, Olympia, WA, 98501.

3.19   RAPNHI and/or RAGI have been described as "a national automotive dealership platform." It appears that either or both of these holding companies own or control dozens of vehicle dealerships throughout the US.

3.20   Mr. Ford appears to own all or most of the interests in two other business entities licensed to do business in Washington: RFJ Auto Properties, LLC, and RFJ Spokane Auto Properties, LLC. Like the other two Ford business entities described above, both of these entities were coincidentally licensed to do business in Washington in 2015. Both of these entities also have as their governor Richard A. Ford. Both of these entities

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 8

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

were also incorporated in Delaware but have as their principal addresses the same building in Plano, Texas, as other Ford-related business entities.

3.21    The extent of the ownership and control exercised over NWM, by the RJF/Ford entities is confusing and will likely require extensive discovery to determine the nature and extent to which each of these Defendants is involved or implicated in such ownership or control. However, the business activities of Ford, a Texas resident, and Fleming, appear to coincide with Fleming's first involvement in NWM several years ago.

3.22    This suggests that Ford may have had an interest in the Northwest Motorsport business *before* the formal sale of the business in  February of 2020. Additionally, it appears that Fleming serves as the registered agent for the defendant HILT. It appears that the business interests of Fleming and Ford may be the same in certain areas of the continuing business of NWM.  This makes it difficult or impossible for the Plaintiff to determine the apportionment of liability among the Defendants, in the absence of significant discovery.

3.23    Merchants Bonding Co. ("Merchants") is a foreign corporation which issued a surety bond to NWM pursuant to RCW 46.70.070.

3.24    No wrongful conduct is alleged against Merchants, which is a defendant herein solely by virtue of a statutorily required surety bond. *Id.*

3.25    Since rescission is one of the alternative forms of relief sought herein by the Plaintiffs, all parties to such contracts are indispensable parties.  *See* Aungst v. Roberts Construction Co., 95 Wn.2d 439, 443, 625 P.2d 167 (1981).

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 9

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

3.26    Discovery is continuing and the Plaintiff therefore reserves the right to amend the complaint and add, delete, or supplement additional information regarding any and all of the Defendants.

## IV.    JURISDICTION AND VENUE

4.1    Jurisdiction and venue in this Court are based on 28 U.S.C. 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"). The putative Class of plaintiffs includes more than 100 persons. 28 U.S.C. 1332(d)(5)(A).  The aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million. 28 U.S.C. 1332(d)(2).

4.2    All acts giving rise to this suit occurred at used vehicle dealerships doing business in Washington as NWM, and owned and operated by the Defendants herein. The three named Plaintiffs purchased used diesel trucks within the last three years, at NWM locations in Marysville, Lynnwood, and Puyallup.  Minimal diversity of opposing parties is present as required under CAFA.  28 U.S.C. 1332(d)(2)(A).

## V.    FACTS SUPPORTING CAUSES OF ACTION

### A.  Seth Villifan's Purchase of a Diesel Truck From NWM

5.1    In November of 2019, the Plaintiff Seth Villifan (a Washington resident) was interested in buying a safe and reliable used pickup truck.  On the 15th of November, he visited the NWM dealership located at 3520 - 136th Street NE, in Marysville, WA.  He purchased a 2013 Dodge RAM 3500 diesel pickup truck with 78,453 miles on the odometer, which appeared to be in excellent condition.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 10

5.2    Prior to Mr. Villifan's purchase of the truck, NWM performed a comprehensive inspection of the vehicle at their hop in Puyallup.  The inspection, apparently led by NWM employee Kyle Hurlock, performed a multi-point inspection to prepare the truck for sale.

5.3    Any competent inspection of the truck would have easily revealed the illegal alterations made to the emission control system.  For example, the large diesel particulate filter ("DPF") had been removed, which is easy to ascertain.  The urea injection system had been removed.  The truck came with an after-market tuner, and revealed other indications that the components of the emission control system had been removed and/or illegally altered.  There is no mention of the missing emission control components in the three (3) page inspection report, nor is there any mention of illegally altered emission controls.

5.4    In fact, NWM has hired other shops to handle illegally altered emission control issues on trucks NWM re-sells, such as Northwest Diesel Specialties, LLC.  By hiring such subcontractors, NWM can purportedly claim that it did not "tamper" with the emission controls, which is expressly prohibited by federal law.

5.5    According to the Retail Installment Sale Contract ("RISC"), the "vehicle cash price" for the truck purchased by Mr. Villifan was $45,182.13.  Including the negative equity of his trade-in ($4,794), a service contract ($5,499), an optional GAP contract ($999), sales tax ($3,106), a cash payment ($1,000), finance charges ($16,113), and other charges, the "total sale price" of the truck was $75,557.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 11

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

5.6    Sometime before the sale of the truck to Mr. Villifan, all or most of the emission controls had been removed and/or altered and the vehicle was accompanied by an after-market tuner, which alters the fuel mapping and emissions of the vehicle. The installation of such tuners is unlawful because they illegally alter the vehicle's emissions.  Such vehicles are referred to herein, as vehicles with "illegally altered emission controls."  It is a violation of state and federal law to "tamper" with the emission controls of a vehicle, except in *bona fide* service or repair operations.

5.7    Such illegal alterations are typically performed in an effort to improve the mileage or horsepower of the truck, but are also well-known to cause extraordinary stresses which exceed the engineered limits of various components throughout the powertrain. Such stresses can, and often do, cause catastrophic failures in such powertrain components, including engine failures and transmission failures.

5.8    Besides the RISC, Mr. Villifan was required to sign several other documents by NWM. One or more of the salespersons at NWM (believed to be Coleman Taylor, Robert David, Shawn Brown, and Trenton Howard) summarized each document to Mr. Villifan and simply showed him where to sign.

5.9    One of the documents that Mr. Villifan was required to sign was a "Seller Disclosure Statement for Trade-In Vehicle." (Exhibit 1 attached hereto).  This Disclosure required Mr. Villifan to *warrant* to NWM the following:

> Unless otherwise disclosed, *the Vehicle's emission control equipment is intact, standard to the vehicle, and that no part of the system has been removed or altered.*

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 12

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

*(Emphasis added).*

5.10   In other words, NWM requires its consumers to disclose the very non-conformities that NWM conceals with its own consumers.

5.11   Ironically, in the very next paragraph of the same document, the following language is found, regarding the importance of honesty in the transaction regarding the seller's warranties where a trade-in is part of the transaction:

> **Honesty is important:** Northwest Motorsport relies upon the Seller's honesty in making the foregoing warranties and assurances. The Seller acknowledges that, without such warranties and assurances, Northwest Motorsport would not purchase the Vehicle. . . Accordingly, Northwest Motorsport reserves the right to rescind the purchase of the Vehicle upon learning of any major mechanical issues and/or other defects with the above warranties within four (4) business days.

**(Bold type in original).**

5.12   Mr. Villifan also purchased a service contract from NWM, provided by Universal Warranty Corporation.  The contract, identified in marketing and other materials as "Vehicle 1one - powered by Ally," contains the following language at Part III, Section 2, Paragraph E, which excludes coverage for:

> **ANY BREAKDOWN IF ALTERATIONS NOT MEETING MANUFACTURER'S SPECIFICATIONS HAVE BEEN MADE TO YOUR VEHICLE, INCLUDING BUT NOT LIMITED TO: ANY CUSTOM OR ADD-ON PART; . . . EMISSIONS AND/OR EXHAUST SYSTEMS MODIFICATIONS; AND OR COMPUTER MODIFICATIONS . . .**

**(BOLD AND CAPITALS IN ORIGINAL).**

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

5.13   Mr. Villifan was also required to sign another of NWM's forms titled **"NOTICE OF CUSTOMIZATION COMPLIANCE." (BOLD AND CAPITALS IN ORIGINAL).** (Exhibit 2 attached hereto).   This form, which was executed by Mr. Villafan without discussion as to its meaning or effect, purports to obtain the buyer's acknowledgment that the vehicle they are purchasing from NWM "may have been altered from its factory specifications." If the buyer does not discover any non-conformity from factory specifications in the vehicle they purchase, and does not schedule an appointment with NWM to "MAKE THE CHANGES NEEDED TO ENSURE COMPLIANCE WITH WASHINGTON LAW OR THE CODES IN THE CITY/STATE IN WHICH YOU LIVE, YOU ASSUME ALL LIABILITY FOR DAMAGES, FINES, OR OTHER LEGAL OR REGULATORY ISSUES THAT MAY RESULT FROM ANY NONCOMPLIANCE. . ." (CAPITALS in original).

5.14   NWM also requires consumers to sign an "AS IS" DEALER WARRANTY DISCLAIMER (CAPITALS in original) for virtually all vehicles it sells, including the truck it sold to Mr. Villifan. (Exhibit 3 attached hereto).   This document purports to obtain the buyer's agreement that:

> **THIS VEHICLE IS SOLD WITHOUT WARRANTY: "AS IS" AND "WITH ALL FAULTS"**

**(BOLD AND CAPITALS IN ORIGINAL).**

5.15   However, the federally mandated Buyer's Guide which accompanied the sale of the truck to Mr. Villifan, clearly indicates in bold type that the truck is being sold with a service contract, which *restores* implied warranties in the seller as a matter of law which are otherwise lost in an "as is" sale.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 14

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

5.16    In the following months, Mr. Villifan's truck suffered one mechanical failure after the next, including a transmission failure.  His service contract provider denied all or most of his claims for repairs on the basis that the truck had previously been modified out of the manufacturer's specifications.

5.17    Mr. Villifan's purchase is typical in many ways of other consumer purchases of vehicles sold by NWM, with illegally altered emission controls, including those of his Co-Plaintiffs Wolfgang Olson and Joshua Graves, described *infra.*

**B.  Wolfgang Olson's Purchase of a Diesel Truck From NWM**

5.18    In the fall of 2017, the Plaintiff Wolfgang Olson (then a Washington resident) was interested in buying a safe and reliable used pickup truck.  On November 1, 2017, he visited the NWM dealership located at17510 Highway 99 in Lynnwood, WA.  He purchased a 2001 Dodge RAM 3500 diesel pickup truck with 101,972 miles on the odometer.  The truck appeared to be in excellent condition, despite its age.

5.19    According to the Retail Installment Sale Contract ("RISC"), the "vehicle cash price" for Olson's truck was $22,133.  Including a service contract ($3,999), an optional GAP contract ($895), sales tax ($2,368), , finance charges ($8,155), and other charges, the "total sale price" of the truck was $38,323.

5.20    Sometime before the sale of the truck to Mr. Olson, all or most of the emission controls had been illegally removed or altered. The vehicle was also accompanied with an after-market tuner, which illegally alters the fuel mapping and emissions of the vehicle.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 15

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

5.21    Like Mr. Villifan, NWM required Mr. Olson to sign a number of documents which were either deceptive in their nature, or which were in direct conflict with other documents he was required to sign as part of the purchase of the vehicle. Again, NWM employees merely summarized the documents he was asked to sign, without any meaningful discussion of their effect.

5.22    Like Mr. Villifan, Mr. Olson also experienced an unusual number of mechanical problems with his truck shortly after he purchased it.

5.23    NWM also sold Mr. Olson a service contract which was provided by ASC Warranty. However, like Mr. Villifan's service contract, Mr. Olson's service contract also excluded coverage for "REPAIRS AS A RESULT OF ALTERATIONS NOT RECOMMENDED BY THE MANUFACTURER . . ." (CAPITALS in original).  All manufacturers of diesel trucks, and other vehicles, expressly prohibit the removal or alteration of emission controls, except in the course of *bona fide* repairs or service.

**C.  Joshua Graves' Purchase of a Diesel Truck From NWM**

5.24    In March of 2019, the Plaintiff Joshua Graves (then a resident of North Dakota) was interested in buying a safe and reliable used pickup truck.  On March 12, he visited the NWM dealership located at 300 Valley Avenue NE in Puyallup, WA.  He purchased a 2002 Ford Super Duty F 350 diesel pickup truck with 157,284 miles on the odometer.  The truck appeared to be in excellent condition, despite its age.

5.25    According to the Retail Installment Sale Contract ("RISC"), the "vehicle cash price" for Mr. Graves' truck was $21,999.  Including a service contract ($3,200), sales tax

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 16

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

($316.80 on the service contract alone), finance charges ($5,922.15), and other charges, the "total sale price" of the truck was $32,938.

5.26    Sometime before the sale of the truck to Mr. Graves, all or most of the emission controls had been illegally removed or altered and the vehicle was accompanied with an after-market tuner, which alters the fuel mapping and emissions of the vehicle. The truck had also been equipped with an after-market turbo, which likely affected the emission controls.  None of this was disclosed to Mr. Graves, nor was the adverse effects of all these changes on the truck, meaningfully disclosed to Mr. Graves.

5.27    Like Messrs. Villifan and Olson, NWM required Mr. Graves to sign a number of documents which were either deceptive in their nature, or which were in direct conflict with other documents he was required to sign as part of the purchase of the vehicle. Again, NWM employees merely summarized the documents he was asked to sign.

5.28    Like Messrs. Villifan and Olson, there was no meaningful discussion between NWM and Mr. Graves regarding any of the numerous disclaimers he was required to sign by NWM, including those relating to emission controls.

5.29    Like Messrs. Villifan and Olson, Mr. Graves also experienced an unusual number of mechanical problems with his truck shortly after he bought it. Approximately three months after he bought the truck, the transmission totally failed.

5.30    NWM also sold Mr. Olson a service contract which was provided by ASC Warranty. Like Mr. Villifan's service contract, Mr. Olson's service contract also excluded

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 17

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

coverage for "REPAIRS AS A RESULT OF ALTERATIONS NOT RECOMMENDED BY THE MANUFACTURER . . ." (CAPITALS in original).

5.31   Mr. Graves' truck has been inoperable for over a year because he cannot afford a new transmission.

5.32   Mr. Graves, like Messrs. Villifan and Olson, have continued to make monthly payments to their lenders under their installment contracts, even though they have paid for expensive repairs, or---as in Mr. Graves' case---the vehicle is no longer running.

**D. NWM Has Sold Vehicles With Illegally Altered Emissions to Other Consumers**

5.33   In August of 2016, NWM sold a 2006 Dodge RAM 3500 diesel pickup truck to Peter Baze.  The emission controls on the vehicle had been illegally altered, which led to catastrophic failures in the powertrain of the vehicle within days of the sale of the truck. This led to Mr. Baze filing a lawsuit against NWM and its owners, alleging the same causes of action alleged by the Plaintiffs in this suit.

5.34   The Baze transaction involved facts virtually identical to those described *supra,* in the Villifan, Olson, and Graves sales.  The emission controls on the truck were removed or illegally altered before Baze purchased the truck, and without any disclosure to Baze. This led to expensive mechanical breakdowns and the loss of use of the truck for nearly two years, before the case was finally settled.  The case was filed in Pierce County Superior Court on August 30, 2017, under Cause No. 17-2-10812-5.

5.35   The Baze case is important because it reveals the nature and extent of the actual knowledge of NWM's owners, of the wrongful nature of NWM's conduct on multiple

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 18

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

levels.  Now, more than four years after Baze bought his truck, and more than three years after he filed, suit, the owners of NWM are *still* selling vehicles with illegally altered emission controls, and harming hundreds of Washington consumers every year.

## VI.    PUBLIC POLICIES RELEVANT TO THE PLAINTIFF'S SUIT

### A. The Sale Of Motor Vehicles To Consumers

6.1    The sale of motor vehicles in Washington is heavily regulated.  This is accomplished in part by the Auto Dealers Act, RCW 46.70, *et seq*.  The Declaration of Purpose for the Act is embodied in RCW 46.70.005 and provides:

> The legislature finds and declares that the distribution, sale, and lease of vehicles in the state of Washington vitally affects the general economy of the state and the public interest and the public welfare, and that in order to promote the public interest and the public welfare, and in the exercise of its police power, it is necessary to regulate and license vehicle manufacturers, distributors, or wholesalers and factory or distributor representatives, and to regulate and license dealers of vehicles doing business in Washington, in order to prevent frauds, impositions, and other abuses upon its citizens and to protect and preserve the investments and properties of the citizens of this state.

### B. State and Federal Emission Laws

6.2    The Clean Air Act ("CAA"), passed in the Congress in 1970 with strong bipartisan support and was the first environmental law to provide the Federal government a comprehensive regulatory role in controlling source-point emissions (including those created by motor vehicles).  The CAA established the architecture of the US air pollution control system and became a model for subsequent environmental laws in the United

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

States and globally. It has been the public policy of the United States for decades. *See* General Motors Corp. v. Ruckelshaus, 742 F.2d 1561 (D.C. Cir 1984).

### C. The Prohibition of Deceptive or Unfair Conduct in Trade or Commerce

6.3     Since its enactment in 1961, the Consumer Protection Act, codified as RCW 19.86, *et seq.,* has become the public policy of Washington, created by the Legislature to eliminate deceptive or unfair conduct in trade or commerce, which harms consumers and has an adverse public interest impact.

### VII.    CAUSES OF ACTION AND LEGAL AUTHORITY

### A. Negligence

7.1     The essential elements of a cause of action for negligence are (1) the existence of a duty owed by the defendant to the plaintiffs; (2) a breach of that duty; (3) resulting injury; and (4) a proximate cause between the alleged breach and resulting injury. Hertog v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999).

7.2     The Plaintiffs allege that the Defendants herein were negligent in the hiring, retention or supervision of careless employees who failed to competently perform their duties, as described herein.  Such negligence includes (but is not limited to) the failure to properly inspect the Plaintiffs' vehicles before and after the sale; the failure to disclose to the Plaintiffs that their vehicles had been illegally modified to defeat the emission control systems; the failure to disclose to the Plaintiffs the damage that they would likely experience as a consequence the illegal alterations; and the failure to disclose to the Plaintiffs the diminished value of their vehicles *before* the sale.   All of these failures

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 20

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

constitute a negligent breach the duties owed by NWM to the Plaintiffs, which proximately

caused the Plaintiffs to sustain damages, only some of which are described herein.

**B. Breach of Contract**

7.3     Under Washington law, every contract is subject to an implied duty of good

faith and fair dealing. Rekhter v. Dep't of Soc. & Health Servs., 180 Wn.2d 102, 112, 323

P.3d 1036 (2014).  This duty obligates the parties to a contract to cooperate with each

other in good faith, so that each party may benefit from the other's full performance. Id.

7.4     To determine whether a breach of the duty of good faith and fair dealing has

occurred, Washington courts have looked to a party's justified expectations under their

contract. The Supreme Court has stated that "[t]he duty of good faith requires

"faithfulness to an agreed common purpose and consistency with the justified

expectations of the other party."   Edmonson v. Popchoi, 172 Wn.2d 272, 280, 256 P.3d

1223 (2011) (quoting Restatement (Second) of Contracts § 205 cmt. a (Am. Law Inst.

1981)).

7.5     NWM breached its contracts with the Plaintiffs by selling illegally altered

vehicles to consumers without first disclosing the illegal alterations to the vehicle, and

without disclosing the nature and extent of the likely damage to the vehicle (among other

things). NWM knew, or should have known, of each and every fact that it failed to disclose

to the Plaintiffs. The Defendants' several breaches of contract, as described herein,

proximately caused the Plaintiffs to sustain significant damages, only some of which are

described herein.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 21

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

## C. Breach of Implied Warranties

7.6    A vehicle cannot be sold "as is" if it is illegal to operate on public roadways. Since the vehicles purchased by the Plaintiffs had been illegally modified prior to the sale of the vehicles, they could not be sold "as is." The Dealership's attempts to sell illegally altered vehicles "as is" and without any implied warranties, therefore fail as a matter of law.

7.7    Even if an implied warranty by NWM could be waived, the dealer and the consumer must expressly negotiate such waivers in a face-to face discussion, and reach an agreement that the vehicle does not come with an implied warranty. This requirement is not satisfied by merely signing formswhich purport to waive implied warranties; an actual face-to-face, meaningful discussion of the waiver must occur. That did not happen here. The requirement of a face-to-face discussion was first announced in Berg v. Stromme, 79 Wn.2d 184 (1971) and has been continuously reinforced by its progeny.

## D. Waivers of Warranties Are Disfavored in the Law

7.8    Ever since 1971, when our Supreme Court decided Berg v. Stromme, the law in Washington has remained the same: "Waivers of such warranties, being *disfavored* in the law, are ineffective unless *explicitly negotiated* between buyer and seller and set forth with *particularity* showing the *particular qualities and characteristics* of fitness which are being waived." *Id.* at 79 Wn.2d 184, 196 *(Emphasis added)*. The cases following Berg have consistently held that a consumer's signature on printed forms, alone, is *insufficient* for proving that either a waiver or negotiation was effective.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 22

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

7.9    *See,* for example, <u>Testo v. Russ Dunmire</u>, 16 Wn. App. 39, 47, 554 P.2d 349

(1976) (holding that there was no evidence that the parties negotiated the waiver and

Testo did not therefore know the "true nature of the commodity"); <u>Rottinghaus v. W.</u>

<u>Cold Storage Co.</u>, 35 Wn. App. 99, 104, 666 P.2d 899 (1983) (holding the attempted

waiver ineffective because it was made after the contract was formed, there was no

evidence of specific negotiation, and the waiver did not specifically inform the buyer what

qualities and characteristics were being disclaimed); <u>Thomas v. Ruddell Lease-Sales, Inc.</u>,

43 Wn.App. 208, 214, 716 P.2d 911 (1986) (holding that there was no evidence that the

parties explicitly negotiated the waiver and that the seller did not adequately inform the

buyer of the qualities and characteristics not being warranted); <u>Miller v. Badgley</u>, 51 Wn.

App. 285, 293, 753 P.2d 530 (1988) (holding that there was no evidence beyond signed

forms, that the parties negotiated the waiver); and <u>Western Recreational Vehicles v. Swift</u>

<u>Adhesives</u>, 23 F.3d 154, 1554-1555 (9th Cir. 1994) (affirming the trial court holding that

the parties never discussed, much less negotiated, the disclaimers).

**E.  Northwest Motorsport Committed Violations of the Auto Dealers Act**

7.10    The Auto Dealers Act, codified as RCW 46.70.180(1), provides that it is unlawful

"to cause or permit to be advertised, printed, displayed, published, distributed,

broadcasted, televised, or disseminated in any manner whatsoever, any statement or

representation with regard to the sale, lease, or financing of a vehicle which is false,

deceptive, or misleading…" NWM violated numerous provisions of the Act by using

conflicting contracts; disseminating deceptive and misleading information regarding the

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 23

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

nature of the sale ("as is" versus a sale accompanied by implied warranties); and disseminating other deceptive and misleading information about the vehicle.

7.11    All provisions of the Auto Dealers Act, RCW 46.70, *et seq.*, must be "liberally construed to the end that deceptive practices or commission of fraud or misrepresentation in the sale, lease, barter, or disposition of vehicles in this state may be prohibited and prevented, and irresponsible, unreliable, or dishonest persons may be prevented from engaging in the business of selling, leasing, bartering, or otherwise dealing in vehicles in this state and reliable persons may be encouraged to engage in the business of selling, leasing, bartering and otherwise dealing in vehicles in this state…" RCW 46.70.900.

7.12    NWM violated the Auto Dealers Act by its false, deceptive and misleading statements and representations made to the Plaintiffs regarding the condition of the vehicles before the sale, without disclosing *any* meaningful information about the illegal alterations, or their consequences.

7.13    Any violation of the Auto Dealers Act, RCW 46.70, *et seq.*, constitutes a *per se* violation of Washington's Consumer Protection Act, RCW 19.86, *et seq. See* RCW 46.70.310.

**F.  Northwest Motorsport Committed Violations of the CPA**

7.14    The Washington Pattern Jury Instructions synthesize the requirements for a successful action under the Consumer Protection Act.  WPI 310.01 provides that a plaintiff must prove:

> (1) That the defendant engaged in an unfair or deceptive act or practice;

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 24

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

1

2

       (2) That the act or practice occurred in the conduct of the defendant's trade or commerce;

3

       (3) That the act or practice affects the public interest;

4

5

       (4) That the plaintiff was injured in his or her business or his or her property; and

6

       (5) That the defendant's act or practice was a proximate cause of the plaintiff's injury.

7

8

    7.15   The WPI provides numerous citations to authority respecting each the five

9

elements of a successful cause of action under the CPA. For example, the Comment

10

section to 310.08, regarding deceptive and unfair conduct, provides:

11

12

13

14

       No intentional deception need be proved, only a tendency or capacity to deceive. Similarly, a communication may contain accurate information and still be unfair or deceptive, if there is a representation, omission, or practice that is likely to mislead a reasonable consumer. In this way, a defendant's use of accurate information may fall within the CPA as being deceptive or unfair.

15

16

(Citations omitted).

17

    7.16   Regarding defenses to actions brought under the CPA, the Comment section

18

to 310.02 (Reasonableness Defense to Consumer Protection Act Claim) provides:

19

20

21

       Defenses to the CPA must be read in conjunction with the language in RCW 19.86.920 directing courts to liberally construe the CPA. When the Legislature calls for a statute to be liberally construed, its exemptions must be narrowly confined.

22

(Citations omitted).

23

24

25

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 25

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

### G. Individuals May Be Personally Liable for CPA Violations

7.17   Personal liability attaches to any corporate officer who participates in, approves of, ratifies, aids, or abets conduct which violates Washington's Consumer Protection Act.  State v. Ralph Williams Northwest Chrysler Plymouth, Inc., 87 Wn.2d 298, 553 P.2d 423 (1976); Grayson v. Nordic Construction Co., 29 Wn.2d 548, 599 P.3d 1271 (1979).

7.18   The individual defendants Fleming and Ford were owners and/or corporate officers of NWM at all times relevant hereto.  In their capacities as corporate officers, they established (or failed to establish) certain policies, practices and procedures followed by NWM which resulted in the deceptive and unfair conduct described herein. Fleming and Ford's conduct therefore violated the prohibitions of the Consumer Protection Act, RCW 19.86, *et. seq.*, subjecting them, and their marital communities, to personal liability.

7.19   The wrongful conduct of NWM, all as described herein, was the product of various practices, policies and procedures promulgated by its owners and officers, Fleming and Ford.  Every violation of the ADA and the CPA by NWM, was therefore an individual violation by the individual Defendants, to the extent they acquiesced in such violations, or ratified such violations by their actual or constructive knowledge of such violations.  The conduct of Fleming and Ford therefore violated the prohibitions of the Consumer Protection Act, RCW 19.86, *et. seq.*

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 26

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

### H. Operating a Vehicle With Illegally Altered Emissions Could Subject the Driver to Civil Citations

7.20    RCW 70.94.040 provides:

> Except where specified in a variance permit, as provided in RCW 70.94.181, it shall be unlawful for any person to cause air pollution or permit it to be caused in violation of this chapter, or of any ordinance, resolution, rule or regulation validly promulgated hereunder.

7.21    Additionally, Washington has adopted an opacity test for diesel vehicles on public roadways, to determine whether they pollute the environment excessively. Diesel vehicle exhaust emission standards are set forth in WAC 173-422-065, which provides:

> (1) Diesel motor vehicles subject to this chapter shall meet the following opacity standards when using the snap-acceleration test procedures specified in WAC 173-422-075.
>
> | Model Year | Opacity (%) |
> |---|---|
> | 1991 and earlier | 55 |
> | 1992 and later | 40 |
>
> (2) When using the Acceleration Simulation Mode (ASM) test procedures specified in WAC 173-422-070 adapted for the testing of diesel cars or light trucks (0-8500 pounds gross vehicle weight rating), these vehicles shall meet a 20% opacity standard.

7.22    Additionally, WAC 173-62-030 provides: "Every motor vehicle operated upon the public highways shall at all times be equipped with an exhaust system and a muffler in good working order and constant operation to prevent excessive or unusual noise." If the vehicle has been stripped of its muffler, or its exhaust noise exceeds the permissible

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 27

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
eugenebolin@gmail.com

limits set forth in the algorithms in the Code section, an owner or driver is subject to yet another traffic citation and more fines.

7.23    NWM made no effort to disclose to consumers who purchased illegally altered vehicles that they could become liable for any of the civil infractions cited above.

### I.  Damages Need Not Be Proven With Mathematical Precision

7.24    Where the fact of damage is firmly established, the wrongdoer is not free of liability because of difficulty in establishing the dollar amount of damage. Sigman v. Stevens-Norton, Inc., 70 Wn.2d 915, 921-922, 425 P.2d 891 (1967).  A plaintiff has a right to recover for loss of use whether the vehicle which has been damaged, has been used by its owner for business, for family purposes, or simply for pleasure.  Rocha v. McClure Motors, 64 Wn.2d 942, 948-949, 395 P.2d 191 (1964). "The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created. . . ." Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 90 L. Ed. 652, 66 S. Ct. 574 (1946).

### J.  Liability of the Surety Bond

7.25    Under RCW 46.70.027, a retail purchaser who has suffered a loss or damage by reason of any act by a dealer, salesperson, managerial person, or other employee of a dealership, may institute an action for recovery against the dealer and the surety bond as

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 28

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

set forth in RCW 46.70.070. The Defendants own a $30,000 surety bond and the Plaintiffs claim the entire bond in satisfaction of their damages, costs, and attorney's fees.

7.26    The Plaintiffs assert that they have sustained damages in excess of NWM's $30,000 surety bond and they therefore make a demand for the entire proceeds of the bond by virtue of this complaint.

## VIII.    CLASS CERTIFICATION UNDER FRCP 23

### A. Class Allegations

8.1    The Defendants herein own and control numerous used car dealerships in Washington doing business as Northwest Motorsport. At all times relevant hereto, the Defendants have knowingly sold vehicles to consumers in Washington which have illegally altered emission control systems. The Defendants also have actual knowledge that illegal alterations on motor vehicles they sell, adversely affect the safety, performance, operation, durability, useful life, and value of the vehicle. In numerous cases, such vehicles suffer catastrophic failures of one or more powertrain components during the operation of the vehicle, which can create a serious safety hazard for all of the vehicles' occupants. Even if no personal injuries result in the operation of such vehicles, the premature failure of such powertrain components are very expensive to repair and result in the substantial loss of use of the vehicle while disabled, or awaiting repairs. It is also expensive to restore the emission controls of such vehicles, to bring them back into compliance with state and federal laws.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 29

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

8.2    The Plaintiffs believe that the wrongful conduct of the Defendants is a combination of negligence and deceptive conduct which cannot be easily apportioned. However, licensed vehicle dealers are unique among all other defendants in that the conduct of employees---whether negligent or intentional---creates liability in the dealership. *See* RCW 46.70.027.

## B. Proposed Class

8.3    Plaintiffs bring this case as a class action under FRCP 23(b)(2) and/or 23(b)(3) on behalf of the following class: all persons who have purchased a used vehicle in the last three years from any used car dealer in Washington, doing business as Northwest Motorsport with an illegally altered emission control system.

## C. Numerosity

8.4    The Class is composed of more than 100 consumers who have purchased motor vehicles with illegally altered emissions, and perhaps as many as 1,000, making joinder impossible.

## D. Commonality

8.5    The questions of law and fact in this action are the same for all Class members and dominate any issues that affect only individual members. Such common questions include:

1.    Does Northwest Motorsport sell motor vehicles to consumers with illegally altered emission control systems? (Yes.)

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 30

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

2.    Did Northwest Motorsport disclose to buyers that they were buying vehicles with illegally altered emissions? (No.)

3.    Do illegally altered emission control systems on motor vehicles create a harmful effect on the powertrain components of such vehicles? (Yes.)

4.    Did Northwest Motorsport disclose to buyers that vehicles with illegally altered emission control systems create a harmful effect on the powertrain components of such vehicles? (No.)

5.    Do illegally altered emission control systems on motor vehicles shorten the useful life of powertrain components of such vehicles? (Yes.)

6.    Did Northwest Motorsport disclose to buyers that illegally altered emission control systems shorten the useful life of powertrain components of such vehicles? (No.)

7.    Are motor vehicles with illegally altered emission control systems less safe than vehicles without altered emission controls? (Yes.)

8.    Did Northwest Motorsport disclose to buyers that vehicles with illegally altered emission control systems are less safe than vehicles without such illegal alterations? (No.)

9.    Do motor vehicles with illegally altered emission control systems perform and operate as well as vehicles without altered emission controls? (No.)

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE OR UNFAIR CONDUCT IN THE SALE OF USED VEHICLES WITH ILLEGALLY ALTERED EMISSION CONTROLS - 31

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

10. Did Northwest Motorsport disclose to buyers that vehicles with illegally altered emission control systems often do not perform and operate as well as vehicles without altered emission controls? (No.)

11. Do motor vehicles with illegally altered emission control systems significantly increase the possibility of a catastrophic failure of one or more powertrain components, compared to vehicles without altered emission controls?  (Yes.)

12. Did Northwest Motorsport disclose to buyers that vehicles with illegally altered emission control systems significantly increase the possibility of a catastrophic failure of one or more powertrain components?  (No.)

13. Do motor vehicles with illegally altered emission control systems subject the owner or operator of such a vehicle to risk of civil citations?  (Yes.)

14. Did Northwest Motorsport disclose to buyers that vehicles with illegally altered emission control systems can subject the owner or operator of such a vehicle to the risk of civil citations?  (No.)

15. Do motor vehicles with illegally altered emission control systems have a lower fair market value than motor vehicles without altered emission control systems?  (Yes.)

16. Did Northwest Motorsport disclose to buyers that vehicles with illegally altered emission control systems  have a lower fair market value than motor vehicles without altered emission control systems?  (No.)

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 32

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

17.   Does Northwest Motorsport meaningfully disclose all disclaimers relevant to the sale of such vehicles to consumers *prior* to the sale of the vehicle? (No.)

## E. Typicality

8.6    Plaintiffs' claims are typical of the claims of Class members.

## F. Adequate Representation

8.7    The Plaintiffs are adequate representatives of the class.

## G. Superiority

8.8    A class action is a superior method for adjudicating the claims at issue in this case and class-wide adjudication can be effectively managed.

## H. Predominance

8.9    This class action is appropriate for certification because questions of law and fact common to Class members predominate over questions affecting only individual members.

## I. Class-Wide Relief is Appropriate

8.10    Class-wide relief is appropriate under all of the facts described herein.

## IX.    PROXIMATE CAUSE AND DAMAGES

9.1    The wrongful conduct of Northwest Motorsport, all as described herein, proximately caused the Plaintiffs and Class Members to sustain economic damages, also described herein.

/        /        /

/        /        /

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 33

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

## X.    PRAYER FOR RELIEF

10.1    Plaintiffs seek judgment against all named Defendants who own or control Northwest Motorsport, and collectively referred to herein as Northwest Motorsport, as follows:

1.    An order requiring all Defendants to preserve all documents and evidence of any kind, which are relevant in any way, to the causes of action pled in this Class Action Complaint;

2.    An order certifying this case as a Class Action;

3.    An order appointing the Plaintiffs as the Class Representatives of the Class;

4.    An order appointing Plaintiffs' counsel as Class Counsel;

5.    All economic damages sustained by the Plaintiffs and the Class under statutory or common law;

6.    All relief under the Consumer Protection Act, RCW 19.86, *et seq.*;

7.    Diminished value of Class members' vehicles purchased from Northwest Motorsport;

8.    The loss of use for the Class members' vehicles during periods of mechanical breakdown related to the removal or alteration of the emission controls;

9.    Reasonable attorneys' fees and costs;

10.    Pre- and post-judgment interest; and

11.    Any and all other legal and equitable relief deemed just and equitable at the time of trial.

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 34

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

## XI.   JURY DEMAND

Plaintiffs, on behalf of themselves and the proposed Class, hereby demand a trial by jury as to all matters so triable.

DATED at Edmonds, Washington, this 2nd day of November, 2020.

**LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
By: s/Eugene N. Bolin, Jr.
Eugene N. Bolin, Jr., WSBA #11450
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave., Suite #308
Edmonds, WA  98020
Telephone: 425-582-8165
Fax:  888-527-2710
Email:  eugenebolin@gmail.com

COMPLAINT FOR NEGLIGENCE AND DECEPTIVE
OR UNFAIR CONDUCT IN THE SALE OF USED
VEHICLES WITH ILLEGALLY ALTERED EMISSION
CONTROLS - 35

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
eugenebolin@gmail.com

EXHIBIT 1

# SELLER DISCLOSURE STATEMENT FOR TRADE-IN VEHICLE

I/We ("Seller") traded in a vehicle ("Vehicle") as part of this transaction. Seller hereby certifies, warrants, and declares under penalty of perjury that, to the best of the Seller's knowledge, the following are true and correct:

1. The Vehicle has not been involved in any collision resulting in any frame or chassis damage, and does not contain any hidden defects of the frame or chassis.
2. Other than the creditor lien for the stated payoff balance, if any, the title to the Vehicle is otherwise free and clear of any and all liens or encumbrances.
3. The airbag(s) is/are intact and have not been deployed or repaired.
4. The certificate of title for the Vehicle does not and should not indicate any brand or comment, including but not limited to, "REBUILT" "SALVAGE" "JUNK" "DESTROYED" "NON-CONFORMING" "LEMON" or "FLOOD".
5. The Vehicle has not been determined to have an uncorrected non-conformity or serious safety defect as the result of any final determination, adjudication or settlement in Washington or any other state.
6. Unless otherwise disclosed, the Vehicle's emission control equipment is intact, standard to the vehicle, and that no part of the system has been removed or altered.
7. The Vehicle never sustained flood or water damage.
8. The Vehicle is in good working condition, and there are no known mechanical defects.

**Honesty is important:** Northwest Motorsport relies upon the Seller's honesty in making the foregoing warranties and assurances. The Seller acknowledges that, without such warranties and assurances, Northwest Motorsport would not purchase the Vehicle. The Seller therefore acknowledges that this transaction is not finalized until the Vehicle has been seen and appraised by Northwest Motorsport, which will involve a review of the Vehicle's working condition. Accordingly, Northwest Motorsport reserves right to rescind the purchase of the Vehicle upon learning of any major mechanical issues and/or other defects with the above warranties within four (4) business days.

**What this means:** The Seller acknowledges that, if any warranty is not confirmed, including the Seller's representations about the Vehicle's working condition, the Seller will be deemed to be in breach of this agreement, upon which Northwest Motorsport shall have the sole and exclusive right to either:

1. Re-negotiate the amount offered for the Vehicle; or
2. Rescind the purchase of the Vehicle altogether, and to recover from the Seller any damages resulting from the breach, including, without limitation, attorney's fees and costs.

**One more thing:** The Seller further acknowledges that, in verifying these warranties, Northwest Motorsport may need to operate the Vehicle. In exchange for the proposed purchase price of the Vehicle, the Seller releases Northwest Motorsport from any claims that Northwest Motorsport's operation of the Vehicle resulted in any deterioration, modification, or alteration to its performance and that, if Northwest Motorsport rescinds the purchase of the Vehicle, the Seller cannot claim that they are owed damages of any kind arising out of allegations that Northwest Motorsport caused the deterioration, modification, or alteration to its performance.

Make: __FORD_____    Model: __FUSION_____

Year: __2016_____    Miles: _____66767_____    VIN: __3FA6P0T91GR387187_____

Seller's Signature: _____

Seller's Signature: _____

Rev 6.10.2019        

SELLER

EXHIBIT 2

# NOTICE OF CUSTOMIZATION COMPLIANCE

Northwest Motorsport customizes some of its vehicles with the intention of satisfying the needs and desires of its customers from all different states. Northwest Motorsport also acquires vehicles for resale which may have already been customized. Please know that different cities, counties, and states have different laws and requirements relating to customized vehicles. It is YOUR RESPONSIBILITY to be aware of the regulations and requirements of the state and/or city in which you reside and where you intend to register the vehicle.

The vehicle you are purchasing from Northwest Motorsport may have been altered from its factory specifications. If it has been modified, the vehicle potentially will not meet your state and/or city motor vehicle regulations and requirements. Examples of possible non-compliant items could include (but are not limited to) tires protruding from wheel wells without adequate fender flares or mud flaps; bumpers that are higher off the ground than allowed by statute or code; headlamps that are not adjusted to statutory or code requirements; etc.

If your newly purchased vehicle has modifications which do not meet the requirements in the city/state in which you live, Northwest Motorsport will, at no cost to you, bring your vehicle into compliance with applicable statutory or code requirements upon your request. You must schedule that appointment and bring the vehicle into Northwest Motorsport within thirty (30) days of purchase. Should you fail to schedule that appointment and bring the vehicle back to Northwest Motorsport within that timeframe, you then assume full and complete responsibility for ensuring that your vehicle complies with applicable state and/or city requirements.

You may contact Northwest Motorsport's parts department to discuss your vehicle's needs, and to set the necessary appointment in the event that Northwest Motorsport needs to correct any modification to bring it into compliance with your city/state regulations. PLEASE CALL 253-256-4600 to set your appointment. Or, as there may be a high volume of calls, you may also email Northwest Motorsport at parts-app@nwmsrocks.com to discuss your vehicle needs and to set the necessary appointment.

SHOULD YOU TAKE DELIVERY OF THE VEHICLE AND CHOOSE TO NOT ALLOW NORTHWEST MOTORSPORT TO TIMELY MAKE THE CHANGES NEEDED TO ENSURE COMPLIANCE WITH WASHINGTON LAW OR CODES IN THE CITY/STATE IN WHICH YOU LIVE, YOU ASSUME ALL LIABILITY FOR DAMAGES, FINES, OR OTHER LEGAL OR REGULATORY ISSUES THAT MAY RESULT FROM ANY NONCOMPLIANCE. YOU ALSO UNDERSTAND AND AGREE, COVENANT AND CONTRACT WITH NORTHWEST MOTORSPORT THAT, SHOULD YOU TAKE THE VEHICLE FROM NORTHWEST MOTORSPORT'S BUSINESS PROPERTY WITHOUT SCHEDULING AN APPOINTMENT FOR NEEDED CHANGES, YOU HAVE ASSUMED ALL LIABILITY FOR THE VEHICLE AND WILL HOLD NORTHWEST MOTORSPORT, ITS EMPLOYEES, AGENTS AND ASSIGNS, HARMLESS FROM ANY SUCH LIABILITY, TOGETHER WITH A DUTY TO DEFEND AND INDEMNIFY NORTHWEST MOTORSPORT FROM ANY LEGAL ACTION THAT MIGHT ARISE FROM THE VEHICLE'S NONCOMPLIANCE.

BUYER: _____  DATE: _11/15/2019_____

BUYER: _____  DATE: _____





BUYER

EXHIBIT 3

# "AS IS" DEALER WARRANTY DISCLAIMER

Buyer: **SETH VILLAFAN** _____  Buyer: _____

Address: **502 N 11TH ST** _____  City: **SELAH** _____  State: **WA**  Zip: **98942**

Year: **2013** _____  Make: **RAM** _____  Model: **3500** _____

VIN: **3C63R3MLXDG555958** _____  Odometer: _____ **78399** _____  Purchase Date: **11/15/2019**

---

I understand that every vehicle sold in the state of Washington is sold with an implied warranty as to the merchantability and fitness of that vehicle. This means that every vehicle is fit for the purpose for which it is sold, and that the vehicle is "operable" and without substantial safety or mechanical defects known to Northwest Motorsport when the vehicle leaves the dealership.

---

**By signing below, I acknowledge the following:** I have negotiated with Northwest Motorsport for value in exchange for waiving my implied warranty rights.

### THIS VEHICLE IS SOLD WITHOUT WARRANTY: "AS-IS" AND "WITH ALL FAULTS"

I understand that, by waiving my implied warranty rights, I am purchasing the vehicle AS IS, and without any guaranty by Northwest Motorsport as to the operability or condition of the vehicle. As with any used vehicle things could exist about which Northwest Motorsport may be unaware, and that there may be things which could go wrong with the vehicle.

By signing below, I hereby expressly waive my implied warranty rights and Northwest Motorsport hereby disclaims all warranties, expressed or implied, including any warranties of merchantability or fitness for a particular purpose on all goods and services sold by Northwest Motorsport. Such disclaimer includes all characteristics, qualities, and parts of such goods and services, including but not limited to: frame and body, engine, transmission, differential and drive lines, cooling system, computers and electrical system, brake system, steering system, suspension system, water leaks, wheel and tires, exhaust system front wheel drive, seals and gaskets, fuel system and accessories such as gauges and warning devices, dash lights, cruise control, GPS, air conditioner, heater, defroster, windows, clock, radio/CD player or other electronic devices, rear wiper, rear defrost, power antenna, etc.

I understand that, should any part of the vehicle need repair, it can be a substantial cost to me and that I alone will be responsible for such repairs, and I agree that Northwest Motorsport will not be responsible for any repairs or costs of such repairs.

I further understand that, in purchasing the vehicle, Northwest Motorsport makes no promise or warranty of the fitness of the vehicle for any specific purpose, and that, if I am purchasing the vehicle for a specific purpose, Northwest Motorsport does not warranty that the vehicle will meet my expectations in fulfilling that purpose.

*I also understand that, should I purchase a service contract within ninety (90) days of purchasing the vehicle, my implied warranty rights are restored by operation of law, and that this waiver is no longer in effect.*

**BUYER AGREES THAT NORTHWEST MOTORSPORT SHALL HAVE NO LIABILITY FOR ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS PROFITS, OR INCOME OR ANY OTHER INCIDENTAL DAMAGES.**

**BUYER FURTHER AGREES THAT HE OR SHE HAS READ THE WARRANTY DISCLAIMER AND AGREES AND FULLY UNDERSTANDS THAT THE VEHICLE IS PURCHASED WITHOUT WARRANTY.**

BUYER: _____  DATE: **11/15/2019** _____

BUYER: _____  DATE: _____

Rev 5.15.2019


BUYER

