UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WOLFGANG OLSON, | |
| Plaintiff, | |
| v. | C20-1616 TSZ |
| NORTHWEST MOTORSPORT, INC. and NORTHWEST MOTORSPORT, LLC, | ORDER |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff Wolfgang Olson's motion for attorney's fees and costs, docket no. 113, and motion to alter or amend the judgment, docket no. 126. Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following Order.

**Background**

This case began as a putative class action with three named plaintiffs: Seth Villafan, Josh Graves, and Wolfgang Olson. On June 14, 2023, the Court dismissed Mr. Villafan's, Mr. Grave's, and the putative class claims. Order at 2 (docket no. 70). Only Plaintiff Wolfgang Olson's claims remained. Olson's claims arose from his purchase of a

ORDER - 1

2001 Dodge Ram 3500 pickup truck ("the truck") from Defendant Northwest Motorsport, Inc.[1] At the time Olson purchased the truck, he signed, among other documents, a "Vehicle Buyer's Order" containing a prevailing party attorney's fees shifting provision. *See* Order at 4–5 ¶¶ 20–21 (docket no. 111). Olson alleged that the truck had a modified emissions control system, that these modifications caused the truck to be noncompliant with various federal and state regulations, that the modifications caused the truck's mechanical condition and resale value to deteriorate at an accelerated rate, and that the modifications caused the truck to lose coverage under the vehicle service contract he purchased from Defendants. Olson proceeded to trial on claims against Defendants for violation of the Washington Consumer Protection Act ("CPA"), breach of contract, breach of implied warranties, and negligence.

After a two-day bench trial, the Court issued Findings of Fact and Conclusions of Law. *See* Order (docket no. 111). The Court found that Olson had proved his CPA and breach of contract claims but had not proved his breach of implied warranties or negligence claims. The Court awarded Olson $3,999 in damages for the amount he paid for the service contract and $182 in damages for the amount he paid to an emissions control repair shop, Gateway Auto Repair. The Court concluded that Olson was not entitled to treble damages under the CPA. The Court also concluded that, under the CPA and the prevailing party fee clause in the "Vehicle Buyer's Order," Olson was entitled to an award of his attorney's fees and costs.

---

[1] Defendant Northwest Motorsport, LLC is Defendant Northwest Motorsport, Inc.'s successor-in-interest.

ORDER - 2

Olson was represented throughout this case and at trial by Eugene N. Bolin, Jr. of the Law Offices of Eugene N. Bolin, Jr., P.S., and by Guy W. Beckett of the law firm Berry & Beckett PLLP. Olson has now filed a motion for his attorney's fees and costs, docket no. 113, and a motion for the Court to alter its judgment for an award of treble damages and prejudgment interest, docket no. 126.

**Discussion**

A.  **Motion for Attorney's Fees and Costs**

Olson moves for an award of attorney's fees and costs totaling $514,658.83. Of that amount, $379,718.75 is attorney's fees for services provided by the Law Offices of Eugene N. Bolin, Jr., P.S., $48,105.00 is attorney's fees for the services provided by Berry & Beckett PLLP, and $86,835.08 is for litigation costs, including expert witness fees. Defendants suggest that Olson be awarded no more than $52,942.50 in attorney's fees.

The reasonableness of an attorney's fees request is evaluated using the lodestar method. *Collins v. City First Mortg. Servs., LLC*, 177 Wn. App. 908, 927, 317 P.3d 1047 (2013) (citation omitted). Under the lodestar method, the Court must determine the reasonable number of hours expended on a matter, excluding any "wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims" from the total. *Id.* at 928 (citations omitted). Once the total reasonable number of hours has been determined, the Court multiplies that number by a reasonable hourly rate to determine the lodestar amount. *Id.* (citations omitted). The lodestar amount may, in the Court's discretion, be increased or decreased based on various factors such as the contingent

ORDER - 3

nature of success, *id.* at 929 (citation omitted), the level of skill required by the litigation, *see Brand v. Dep't of Labor & Indus. of State of Wash.*, 139 Wn.2d 659, 666, 989 P.2d 1111 (1999), and whether any work is "useful in ancillary or parallel litigation," *Absher Const. Co. v. Kent School Dist. No. 415*, 79 Wn. App. 841, 847, 917 P.2d 1086 (1995) (citation omitted). "The Court is not bound by the lodestar value, but rather, is charged with making 'an independent decision' as to what represents a reasonable amount of attorneys' fees." *Seattle Times Co. v. LeatherCare, Inc.*, No. C15-1901, 2019 WL 1651664, at *1 (W.D. Wash. Apr. 17, 2019) (quoting *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 744, 733 P.2d 208 (1987))

Costs under the CPA are limited to those statutorily authorized under RCW 4.84.010. *See Nordstrom, Inc.*, 107 Wn.2d at 743; *accord Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 693–94, 132 P.3d 115 (2006). RCW 4.84.010 lists what costs are always allowed to a prevailing party and also allows for the recovery of "costs otherwise authorized by law." "Thus, where the parties have entered into an agreement regarding costs, the costs are 'otherwise authorized by law'" and are recoverable by the prevailing party. *Ernst Home Center, Inc. v. Sato*, 80 Wn. App. 473, 491, 910 P.2d 486 (1996).

Olson submitted Mr. Bolin's and Mr. Beckett's billing records to show that their hourly rates and time expended on this case were reasonable. *See* Mar. 27, 2024, Bolin Decl. (docket no. 114); Apr. 19, 2024, Bolin Decl. & Exhibits (docket nos. 132-1 & 132-2); Mar. 27, 2024, Beckett Decl. (docket no. 115); Apr. 19, 2024, Beckett Decl. (docket no. 133). Mr. Bolin billed his services at a rate of $425 per hour, the services of two contract attorneys at $325 and $350 per hour, and the services of his paralegals at $200

ORDER - 4

1  per hour; Mr. Beckett billed his services at a rate of $450 per hour.  Defendants do not
2  challenge these hourly rates.  In light of Mr. Bolin's and Mr. Beckett's experience, and
3  based on the Court's knowledge of prevailing hourly rates for attorneys and legal services
4  in the area, the Court finds Mr. Bolin's and Mr. Beckett's hourly rates to be reasonable.
5         Defendants contend that the 1,209.52 hours sought for Mr. Bolin are not
6  reasonable because much of the time is unrelated to the claims that Olson succeeded on at
7  trial or are otherwise duplicative.  The Court agrees with Defendants that Mr. Bolin's
8  total hours are not reasonable.  As Defendants outline in their response brief and related
9  declaration, many of the hours Olson seeks for Mr. Bolin are related solely to the
10 dismissed claims of Mr. Villafan, Mr. Graves, and/or the putative class.  Olson is not
11 entitled to attorney's fees for work done for dismissed claims or plaintiffs or done for
12 claims which Olson did not succeed on at trial.  Olson fails to allocate Mr. Bolin's hours
13 to the unsuccessful claims and the Court's review indicates that at least half of Mr.
14 Bolin's hours went to dismissed or otherwise unsuccessful claims.  Accordingly, the
15 Court finds that a reduction in the hours awarded to Mr. Bolin is warranted, *see Sign-o-*
16 *Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 566, 825 P.2d 714 (1992)
17 (citation omitted) ("Time spent developing theories essential to the CPA claim must be
18 segregated from time spent on legal theories relating to other causes of action."); *Broten*
19 *v. May*, 49 Wn. App. 564, 573–74, 744 P.2d 1085 (1987); *see also Absher Const.*, 79 Wn.
20 App. at 848 (noting that the Court need not provide an hour-by-hour analysis of the fee
21 award), and the Court will reduce the fees for Mr. Bolin's time to $189,859.37.
22
23

ORDER - 5

Likewise, a substantial portion of the 106.9 hours sought for Mr. Beckett are related solely to claims that were dismissed prior to trial. Of Mr. Beckett's remaining billed hours, many are duplicative of the hours billed by Mr. Bolin. Mr. Beckett did, however, participate in this case through all its phases, including at trial, and Olson is entitled to some amount of attorney's fees for Mr. Beckett's work. Accordingly, the Court will reduce the amount of attorney's fee awarded to Olson for Mr. Beckett's time by $28,105.00, bringing the amount of attorney's fees awarded for Mr. Beckett's time to $20,000.

Olson also seeks an award of $86,835.08 for costs he incurred in this litigation. Defendants raise no objections to the majority of the costs Olson seeks. Defendants do, however, argue that some of the expert witness fees Olson is seeking are for reports that were prepared and disclosed after this case's expert witness disclosure deadline and that were stricken by the Court. *See* Minutes of Proceedings (docket no. 89) (striking the supplemental reports of Ed Schaplow, Michael St. Denis, and Christopher Cowland). Expert reports that were stricken from the record were of no use to Olson during this litigation and he is not entitled to an award of costs for those reports. Nor is Olson entitled to an award of costs for work performed by the experts in relation to the dismissed claims of Mr. Villafan, Mr. Graves, or the putative class. Accordingly, the Court reduces Olson's costs by $15,000. In total, Olson is AWARDED $209,859.37 in attorney's fees, consisting of $189,859.37 for services provided by Mr. Bolin, $20,000 for services provide by Mr. Beckett, and $71,835.08 in costs.

ORDER - 6

B. **Motion to Alter or Amend Judgment for Award of Treble Damages and Prejudgment Interest**

1. **Treble Damages**

Olson moves the Court to amend its judgment to award him treble damages for prevailing on his CPA claim. In its Findings of Fact and Conclusions of Law, the Court explicitly found that Olson was not entitled to treble damages under the CPA. Order at 19 ¶ 49 (docket no. 111). The Court treats Olson's motion to amend the judgment for an award of treble damages as a motion for reconsideration. Motions for reconsideration are disfavored and will only be granted when the moving party has made a "showing of manifest error in the prior ruling or a showing of new facts or legal authority" that were not previously known. *See* Local Civil Rule 7(h). Because whether to award treble damages to a prevailing CPA plaintiff is within the discretion of the Court, *see* RCW 19.86.090, the Court finds that it was not manifest error to deny Olson treble damages. Further, the Court advised Olson's counsel before trial that, even if successful, Olson's damages were very limited. The Court, in its discretion, concludes that the case does not justify treble damages under all the circumstances. Olson's motion to amend or alter the judgment is DENIED in part to the extent that it seeks an award of treble damages.

2. **Prejudgment Interest**

Prejudgment "interest is awardable (1) when the amount claimed is liquidated, or (2) when the amount claimed is unliquidated but is determinable by computation with reference to a fixed standard in a contract." *Lake v. von der Mehden*, 117 Wn.

ORDER - 7

1  App. 212, 217, 70 P.3d 154 (2003) (citation omitted).  "A claim is liquidated if data in the

2  evidence makes it possible to compute the amount with exactness, without reliance on

3  opinion or discretion."  *Id.* (citing *Lester N. Johnson Co. v. City of Spokane*, 22 Wn.

4  App. 265, 277, 588 P.2d 1214 (1978)).  Exactness does not depend on whether or not a

5  defendant disputes an amount claimed, rather, "it is the character of the claim and not of

6  the defense that is determinative of the question whether an amount of money sued for is

7  a 'liquidated sum.'"  *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 33, 442 P.2d 621

8  (1968).  Prejudgment interest is favored under the law to compensate individuals who

9  were deprived of the use of their money.  *See Lake*, 117 Wn. App. at 217 (citations

10  omitted).

11        Olson contends that an award of prejudgment interest is warranted here because

12  his damages are determinable with exactness and without reliance on the Court's opinion

13  or discretion.  Defendants do not dispute this contention but nonetheless offer two

14  reasons to justify no award of prejudgment interest.

15        First, Defendants contend that because Olson never made a claim under the

16  purchased service contract, he was never deprived of the use of the money he paid for the

17  service contract.  This argument has no merit.  Whether Olson tried to use the service

18  contract or not does not change the fact that Olson could not use the $3,999 he paid for

19  the service contract for other purposes.

20        Second, Defendants argue that Olson should not get prejudgment interest for the

21  time period during which the case was sought to be certified as a class action.  This

22  argument is contrary to Washington law.  Prejudgment interest begins accruing when the

23

ORDER - 8

claim arises and continues accruing through the date of judgment.  *E.g.*, *Taie v. Ten Bridges LLC*, No. C21-0526, 2024 WL 1676798, at *2 (W.D. Wash. Apr. 18, 2024) (quoting *Seattle-First Nat. Bank v. Wash. Ins. Guar. Ass'n*, 94 Wn. App. 744, 760, 972 P.2d 1282 (1999)).  Defendants offer neither case law nor any reasoning for why the time period when this case was a putative class action should be excluded from the prejudgment interest calculation.  The Court finds that Olson is entitled to an award of prejudgment interest from the date his claims arose through the date of judgment.

Having found that Olson is entitled to an award of prejudgment interest, the Court must set the interest rate.  "State law generally governs awards of prejudgment interest in diversity actions, but federal law may apply to the calculation of prejudgment interest when a substantive claim derives from federal law alone."  *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 961 (9th Cir. 2008).  Washington law allows for, and Olson proposes, a prejudgment interest rate of 12 percent.  *See* RCW 19.52.020(1).  Defendants do not dispute that 12 percent is an appropriate prejudgment interest rate and, in fact, use it as the interest rate in their own prejudgment interest calculations.  *See* Defs.' Resp. at 4 (docket no. 135).  The Court sets the prejudgment interest rate at 12 percent per year.

Applying the prejudgment interest rate of 12 percent per year to Olson's total damages of $4,181 results in a prejudgment interest award of $3,295.96.[2]

---

[2] The prejudgment interest commenced on November 1, 2017, for the date of payment of the service contract and on October 22, 2018, the date of the Gateway Auto Repairs.

ORDER - 9

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff Wolfgang Olson's motion for attorney's fees and costs, docket no. 113, is GRANTED in part and DENIED in part. The motion is GRANTED in part and Olson is AWARDED $209,859.37 in attorney's fees, consisting of $189,859.37 for services provided by Mr. Bolin, $20,000 for services provide by Mr. Beckett, and $71,835.08 in costs. The motion is DENIED as to all other relief sought therein.

(2) Plaintiff Wolfgang Olson's motion to alter or amend the judgment, docket no. 126, is GRANTED in part and DENIED in part. The motion is GRANTED as to Olson's request for prejudgment interest. Olson is AWARDED $3,295.96 in prejudgment interest. The motion is DENIED as to Olson's request to modify the judgment to award treble damages.

(3) The Clerk is DIRECTED to enter an amended judgment consistent with this Order.

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 12th day of June, 2024.

Thomas S. Zilly
United States District Judge