UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WOLFGANG OLSON,

             Plaintiff,

    v.

NORTHWEST MOTORSPORT, INC.
and NORTHWEST MOTORSPORT,
LLC,

             Defendants.

C20-1616 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Award of Reasonable Attorney's Fees, docket no. 147.  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

On June 12, 2024, the Court entered its Amended Judgment, docket no. 138, in this action in favor of Plaintiff Wolfgang Olson against Defendants Northwest Motorsport, Inc. and Northwest Motorsport, LLC (collectively, "Defendants"), in the total amount of $289,171.41.  The Court previously awarded Plaintiff reasonable attorney's fees for prevailing at trial, pursuant to the Washington Consumer Protection Act ("CPA"), RCW 19.86.090, and the "prevailing party" attorney fee provision of the

ORDER - 1

"Vehicle Buyer's Order" for the truck purchased by Plaintiff from Defendants.  See Conclusions of Law at ⁋ 50 (docket no. 111); see also Order at 2, 10 (docket no. 137).

On November 6, 2025, Defendants filed a motion, docket no. 139, to vacate the Amended Judgment as void pursuant to Federal Rule of Civil Procedure 60(b)(4), contending that the Court lacked subject matter jurisdiction in this matter following the dismissal of the claims of former plaintiffs Seth Villafan and Josh Graves on June 14, 2023, because Plaintiff Olson failed to plead and prove complete diversity.  See Mot. at 7–8, 14–16 (docket no. 139).  On November 17, 2025, Defendants filed an amended motion, docket no. 141, to vacate the Amended Judgment, asserting the same argument.  See Mot. at 7–8, 14–16 (docket no. 141).  The motions will hereafter be referred collectively to as the "motion to vacate."  On January 6, 2026, the Court denied the motion to vacate.  Minute Order at 1 (docket no. 146).  On January 20, 2026, Plaintiff filed a motion for an award of reasonable attorneys' fees for successfully defeating Defendants' motion to vacate.  See Mot. at 2–4 (docket no. 147).

**Discussion**

Defendants argue that (1) Plaintiff's motion for attorneys' fees should be denied in its entirety because there is no basis to award fees, and (2) even if Plaintiff is entitled to attorneys' fees, the requested amount should be reduced substantially.  Opp. at 1 (docket no. 152).  The Court addresses each argument in turn.

**A.      Entitlement to attorneys' fees**

Defendants contend that neither the CPA nor the attorney fee provision in the parties' contract offer a basis for an award of attorneys' fees in these circumstances.  Opp. at 1 (docket no. 152).  The Court disagrees.

ORDER - 2

"The general rule in Washington is that attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity." Durland v. San Juan Cnty., 182 Wn.2d 55, 76, 340 P.3d 191 (2014). Plaintiff again relies on RCW 19.86.090 and the "prevailing party" attorney's fee provision of the "Vehicle Buyer's Order" as bases for being entitled to his request.

The CPA permits an award of attorney fees to the prevailing party. RCW 19.86.090 ("That such person may bring a civil action in the district court to recover his or her actual damages . . . including reasonable attorney's fees."). Where a contract specifically provides that attorneys' fees shall be awarded to one of the parties, whether he or she is the party specified in the contract or not, the prevailing party "shall be entitled to reasonable attorneys' fees." RCW 4.84.330. "Prevailing party" means the party in whose favor final judgment is entered. Id. The "Vehicle Buyer's Order" contains a prevailing party attorney's fees shifting provision: "In any litigation regarding this Agreement, Buyer shall reimburse Dealer for all reasonable attorney fees and court costs should Dealer prevail." Findings of Fact at ⊩ 21 (docket no. 111); Ex. 1 at ⊩ 22 to Beckett Decl. (docket no. 148 at 16).

The Ninth Circuit has held that a party was entitled, pursuant to a contractual provision, to attorney fees for defending against a Rule 60(b)(3) motion to vacate an arbitration award. Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1340–41 (9th Cir. 1986). In Lafarge, arbitrators awarded monetary damages in relation to a lawsuit based on breach of contract, and the district court awarded attorney fees after denying a motion to vacate the award. Id. at 1337. The

ORDER - 3

parties' contract contained an attorney fees provision, entitling the party to an award of fees "in any action to enforce the contract."  Id.  The defendant challenged the fee award on appeal, arguing that its motion to vacate was based on a right granted by federal procedure, not state substantive law, and thus the fee provision of the contract did not apply.  See id. at 1340.  The Ninth Circuit rejected that argument, because the underlying contract between the parties was not "collateral to the proceedings" but played an integral part in defining the rights of the parties by setting forth arbitration as the agreed means of dispute resolution.  Id. (distinguishing In re Johnson, 756 F.2d 738 (9th Cir. 1985)).

Plaintiff is entitled to attorneys' fees pursuant to the fee provision in the Vehicle Buyer's Order.  Although Defendants grounded their Rule 60(b)(4) motion on the theory that the Court lacked subject matter jurisdiction, the underlying "Vehicle Buyer's Order" played an integral role in defining the rights of the parties and led directly to the entry of the Amended Judgment after the Court's finding of liability.  Therefore, the "Vehicle Buyer's Order" was not collateral to the proceedings of Defendants' motion to vacate.[1]

**B.    Amount to be awarded**

The Court now decides the reasonableness of Plaintiff's attorneys' fees request. Plaintiff requests a total of $46,678.00 for defending against Defendants' motions to

---

[1] Defendants also contend that Plaintiff's motion for fees should be denied because the merger doctrine forecloses recovery.  Opp. at 6 (docket no. 152).  Under the merger doctrine, "when 'a valid and final judgment for the payment of money is rendered in favor of the plaintiff, the original claim of the plaintiff is extinguished and a new cause of action on the judgment is substituted for it.'"  Johnson v. Peter, 2023 WL 22021, at *11 (W.D. Wash. Jan. 3, 2023) (quoting Restatement (Second) of Judgments § 47)).  The Court concludes that this doctrine is inapplicable here and rejects Defendants' argument.

ORDER - 4

vacate and filing a reply brief in support of its motion for fees.  See Amended Reply at 7–8 (docket no. 156); Ex. 1 at 4 to Amended Reply (docket no. 156-1).

The reasonableness of an attorney's fees request is evaluated using the lodestar method.  Collins v. City First Mortg. Servs., LLC, 177 Wn. App. 908, 927, 317 P.3d 1047 (2013) (citation omitted).  Under the lodestar method, the Court must determine the reasonable number of hours expended on a matter, excluding any "wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims" from the total.  Id. at 927–28 (citations omitted).  Once the total reasonable number of hours has been determined, the Court multiplies that number by a reasonable hourly rate to determine the lodestar amount.  Id. at 928 (citations omitted).  The lodestar amount may, in the Court's discretion, be increased or decreased based on various factors such as the contingent nature of success, id. at 929 (citation omitted), the level of skill required by the litigation, see Brand v. Dep't of Labor & Indus. of State of Wash., 139 Wn.2d 659, 666, 989 P.2d 1111 (1999), and whether any work is "useful in ancillary or parallel litigation," Absher Const. Co. v. Kent School Dist. No. 415, 79 Wn. App. 841, 847, 917 P.2d 1086 (1995) (citation omitted).  "The Court is not bound by the lodestar value, but rather, is charged with making 'an independent decision' as to what represents a reasonable amount of attorneys' fees."  Seattle Times Co. v. LeatherCare, Inc., 2019 WL 1651664, at *1 (W.D. Wash. Apr. 17, 2019) (quoting Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735, 744, 733 P.2d 208 (1987)).

The Court concludes that Plaintiff's attorneys Guy Beckett, Kelly Holler, and Eugene Bolin's hourly rates are reasonable.  See Beckett Decl. at ⁋ 9 (docket no. 148)

ORDER - 5

($450/hr); Holler Decl. at ‖ 9 (docket no. 149) ($250/hr); Bolin Decl. at ‖ 3 (docket no. 150) ($510/hr). Defendants challenge only Mr. Bolin's hourly rate of $510, arguing that his previously attested hourly rate of $425 from Plaintiff's prior motion for attorney's fees, docket no. 113, should apply and Mr. Bolin "has given no justification for this sudden 20% increase." Opp. at 7 (docket no. 152). Mr. Bolin need not provide a "justification," and the increase of his rate was not "sudden." Mr. Bolin's prior attestation dates back nearly two years ago, and he now states that his current rate "increased to $510 approximately two years ago." Bolin Decl. at ‖ 3 (docket no. 150). An increase of $85 an hour is not so shocking such that the Court should reject it. Defendants cite no authority that would suggest otherwise.

The Court further concludes, however, that the hours these three attorneys spent on Defendants' motion to vacate and Plaintiff's Motion for Attorneys' Fees, docket no. 147, are excessive. Mr. Beckett claims he spent a total of 52.7 hours (36.8 + 15.9), see Beckett Decl. at ‖ 10 (docket no. 148) & Second Beckett Decl. at ‖ 2 (docket no. 154), Ms. Holler claims a total of 63.7 hours (51.3 + 12.4), see Holler Decl. at ‖ 10 (docket no. 149) & Second Holler Decl. at ‖ 3 (docket no. 155), and Mr. Bollin claims a total of 13.8 hours, see Ex. 1 to Bollin Decl. (docket no. 150 at 10). The Court revises down the attorneys' hours as follows: 33.9 hours for Mr. Beckett, 41 hours for Ms. Holler, and 8.9 hours for Mr. Bolin.

Accordingly, Plaintiff is AWARDED $30,044.00 in additional attorneys' fees, consisting of $15,255.00 of services provided by Guy Beckett, $10,250.00 of services provided by Kelly Holler, and $4,539.00 of services provided by Eugene Bolin.

ORDER - 6

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    Plaintiff Wolfgang Olson's motion for attorneys' fees, docket no. 147, is GRANTED as follows:  Plaintiff is AWARDED $30,044.00 in attorneys' fees, consisting of $15,255.00 of services provided by Guy Beckett, $10,250.00 of services provided by Kelly Holler, and $4,539.00 of services provided by Eugene Bolin.

(2)    The Clerk is DIRECTED to enter a supplemental judgment consistent with this Order and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 28th day of May, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 7